IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DIANA M. MERCHANT )
 )
v. ) No. 3-09-0689
 )
STATE OF TENNESSEE; DIVISION )
OF MENTAL RETARDATION )
SERVICES OF MIDDLE TN )
REGIONAL OFFICE; RICHARD )
HENDERLIGHT; DARLENE )
MOHAGEDAN; KAREN HAYNES; and )
DARLA GOAD )

O R D E R

Pending before the Court is the defendants' motion for a more definite statement, to which the plaintiff has not filed a response.

The motion (Docket Entry No. 18) is GRANTED to the extent provided herein.

Rule 12(e) of the Federal Rules of Civil Procedure permits a party to move for a more definite statement of a plaintiff's complaint if the complaint is "so vague or ambiguous that the party cannot reasonably prepare a response." The defendants contend that the complaint is vague and ambiguous in several respects, and seek a more definite statement of:

1. The specific protected class or classes in which the plaintiff alleges she belongs and clarification as to "which Title VII statute or statues (sic) were allegedly violated."

2. Whether the plaintiff is alleging violations of Title I and/or Title II of the ADA.

3. Under what statute or statutes the plaintiff seeks relief for her claim of retaliation.

4. The specific years in which the alleged events and violations occurred.

Title VII Allegations

The Court assumes that in her EEOC complaint(s) the plaintiff listed the protected class or classes in which she asserts she belongs and further assumes that the defendants have been provided with a copy of the EEOC charge(s). However, the defendants are correct that the reference in the complaint filed in this case simply to "Title VII" is vague, ambiguous and insufficient. On the other

hand, it is not clear to the Court what additional information the defendants seek when they request clarification of "which Title VII statute or statues (sic) were allegedly violated."

### ADA

Title I of the ADA prohibits discrimination by a "covered entity" against a "qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Although the Court assumes that the plaintiff intended to assert a claim under Title I of the ADA, the Court agrees with the defendants that it is not clear from the complaint.

### Basis for Retaliation Claim

The Court assumes that the defendants want to know whether the plaintiff is asserting a retaliation claim under Title VII and/or the ADA, and they are entitled to that clarification.

### Specific Years

The defendants seek more specific information about the years in which the alleged events and violations occurred. Although the complaint itself refers to days and months and, in instances, does not refer to years, it is clear to the Court that most of the references are to 2007, since the allegations in the complaint match the chronological time frame set out in the attachment to the complaint. However, the plaintiff cannot rely exclusively upon the attachment and neither the defendants nor the Court are required to piece together the allegations in the complaint with the plaintiff's attachment to determine the years at issue. Although it is not clear to the Court why the defendants note that the plaintiff was employed prior to 2007, the Court agrees with the defendants

2

that the plaintiff's asserted termination date of August 29, 2009, on page 3 of the complaint must be a clerical error since the plaintiff filed this lawsuit prior to August 29, 2009.

Therefore, the plaintiff shall have until November 5, 2009, to file an amended complaint, addressing the following matters:

1. In what protected class or classes under Title VII the plaintiff alleges she is a member.

2. The plaintiff shall clarify whether she is asserting a claim under Title I and/or Title II of the ADA.

3. The plaintiff shall clarify whether her retaliation claim(s) are brought under Title VII, the ADA, or any other statute.

4. The plaintiff shall include the years (in addition to the days and months) of any dates, and shall clarify whether she intended to assert that she was terminated on August 29, 2009.

5. In addition, the plaintiff shall attach to her amended complaint the EEOC charge or charges she made before filing this lawsuit.

The Court would encourage the plaintiff not to use the form complaint that may limit her ability to "squeeze" in the information. The plaintiff is not limited to a certain amount of space or pages, as long as the complaint does not become excessively long. The plaintiff is also advised that the defendants will be required to file a response to the amended complaint, but will not be required to respond to attachments to the complaint.

It appears to the Court from review of the attachment to the complaint that the plaintiff is able to type. Although not required, to the extent that the plaintiff is able to type her complaint, it would be more legible.

The plaintiff is warned that her failure to file an amended complaint by November 5, 2009, could result in the dismissal of this case.

It is so ORDERED.

JULIET GRIFFIN
United States Magistrate Judge